IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHESAPEAKE CLIMATE ACTION
NETWORK, FRIENDS OF THE EARTH,
SIERRA CLUB, WEST VIRGINIA
HIGHLANDS CONSERVANCY, CENTER
FOR INTERNATIONAL ENVIRONMENTAL
LAW and PACIFIC ENVIRONMENT,

    Plaintiffs,

  v.

EXPORT-IMPORT BANK OF THE UNITED
STATES and FRED P. HOCHBERG, in his
official capacity as Chairman of the
Export-Import Bank of the United States,

    Defendants.

No. C 13-03532 WHA

**ORDER GRANTING MOTION TO TRANSFER VENUE**

**INTRODUCTION**

In this NEPA action, the federal parties move to transfer this action to the United States District Court for the District of Columbia. For the reasons set forth below, the motion is **GRANTED**.

**STATEMENT**

Defendant Export-Import Bank of the United States is a federal agency that is authorized to provide credit guarantees to facilitate exports of goods and services, imports, and exchange of commodities between the United States and any foreign country. It is authorized to approve loan guarantees only when the guarantee would facilitate the expansion of exports which would not

otherwise occur. On May 24, 2012, the Export-Import Bank and Fred P. Hochberg, Chairman of the Export-Import Bank (collectively "Export-Import Bank") approved a $90 million dollar commercial loan guarantee in support of Xcoal Energy & Resources, LLC ("Xcoal"), a coal mining, transport and export company. In 2010, Xcoal exported approximately eleven million tons of metallurgical coal via ports in Baltimore and Hampton Roads, making it the largest coal exporter in the United States that year (Compl. ¶¶ 2, 17–21).

Plaintiffs are non-profit environmental groups. Plaintiff Chesapeake Climate Action Network is headquartered in Takoma Park, Maryland, and has an office in Richmond, Virginia. Plaintiff Friends of the Earth, Inc., is incorporated and headquartered in Washington, D.C., with an office in Berkeley, California. Plaintiff Sierra Club is incorporated and headquartered in California. Plaintiff West Virginia Highlands Conservancy is incorporated and headquartered in West Virginia. Plaintiff Center for International Environmental Law is incorporated in Washington, D.C. Plaintiff Pacific Environment is incorporated and headquartered in San Francisco. Their complaint asserts that as a result of the loan guarantee, the Export-Import Bank "enables Xcoal to broker an estimated $1 billion in sales of coal for export from mines in Appalachia; transport that coal by rail to port facilities in [Maryland and Virginia]; . . . store . . . that coal in port; and then transport that coal by ship to clients in China, Japan, South Korea and elsewhere." Each of these activities allegedly causes "significant adverse effects on human health and the environment." In particular, the complaint alleges that coal dust and diesel exhaust emitted by the mining and transportation of coal contributes to cardiopulmonary problems in mining communities, along rail lines, and around export terminals. Coal mining also allegedly contaminates its surrounding environment, harms local wildlife populations, and produces large volumes of contaminated wastewater. It further alleges that the Export-Import Bank failed to comply with the National Environmental Policy Act by failing to prepare an environmental impact statement or an environmental analysis prior to approving the Xcoal loan guarantee (*id*. ¶¶ 2–3, 11–15, 22). Defendants now move to transfer venue to the United States District Court for the District of Columbia. This order follows full briefing and oral argument.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). This section's purpose is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The parties do not dispute that the action could have been brought in the District of Columbia.

A district court has discretion to adjudicate motions to transfer according to an individualized, case-by-case consideration of public factors which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. The burden is on defendants to make a strong showing of inconvenience to warrant upsetting plaintiffs' choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**1. CONVENIENCE AND FAIRNESS FACTORS.**

In ruling on a transfer motion, a district court must consider private convenience and fairness factors, including ease of access to sources of proof, plaintiffs' choice of forum, relative convenience to parties, and relative convenience to witnesses.

The general rule is that a plaintiff's choice of forum is afforded substantial weight. *Decker*, 805 F.2d at 843. Two of the six plaintiffs in the instant action, Sierra Club and Pacific Environment, are headquartered and incorporated in this district. Despite this, the degree to which courts defer to a plaintiff's chosen venue is substantially reduced where the forum lacks a significant connection to the activities alleged in the complaint. *Corley v. Kinder Morgan, Inc.*, No. 12-03209, 2012 U.S. Dist. LEXIS 150392 at \*3 (N.D. Cal. 2012) (citations omitted). This is true *even if* the plaintiff is a resident of the forum. *Knapp v. Wachovia Corp.*, No. 7-4551, 2008 WL 2037611, at \*2 (N.D. Cal. 2008) (Judge Susan Illston).

In this action, none of the operative facts arose in this district. The Export-Import Bank's decisionmaking regarding the loan guarantee to Xcoal occurred exclusively in the District of Columbia (Decl. of Mario Ramirez at 1–2). Plaintiffs rely on *Center for Biological Diversity v. Export-Import Bank*, a recent decision by Judge Saundra Armstrong that denied defendants'

3

motion to transfer venue, to argue that plaintiffs' choice of venue should be given substantial weight even though defendant Export-Import Bank's decisionmaking occurred in the District of Columbia. *Ctr. for Biological Diversity v. Export-Import Bank*, No. 12-6325, 2013 U.S. Dist. LEXIS 133694 (N.D. Cal. September 17, 2013). That order, however, is distinguishable from this action because there, plaintiff organizations rely on their members who lived in this district and claimed "harm [to] their recreational and aesthetic interests" for organizational standing. *Id.* at 18. By contrast, plaintiffs in this action rely on their members on the East Coast who face "harm to their health, property, and aesthetic and recreational interests due to . . . [the] adverse effects of Ex-Im Bank's financing of Xcoal's coal exports activities" for standing (Compl. ¶¶ 12–16). While members nationwide may have general concerns about defendants' alleged failure to comply with NEPA, their members alleging specific injuries stemming from Xcoal's coal exports live on the East Coast. Moreover, in *Center for Biological Diversity*, all of the plaintiff organizations were headquartered in this district. In this action, only two of the six plaintiffs are headquartered in this district. Thus, this factor weighs in favor of transfer. As deference to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Do v. Hollins Law*, No. 13-1322, 2013 WL 3703405 at *3 (N.D. Cal. July 12, 2013) (Judge Jeffery White) (citations omitted).

    The next factor involves the location of relevant sources of proof and convenience to potential witnesses. Both parties agree that the merits of this action will most likely be resolved on cross-motions for summary judgment based on the administrative record (Defendants' Br. at 11; Opp. at 9). Defendants argue that if witness testimony becomes necessary, such witnesses are located in the District of Columbia. Defendants, however, failed to "identify the key witnesses to be called and [failed] to present a generalized statement of what their testimony would include." *Florens Containers v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) (Judge Martin Jenkins). Thus, this venue's convenience to defendants' potential witnesses is less important. *Do*, 2013 WL 3703405 at *3. Moreover, technological advances in document storage and retrieval mitigate the burdens of transporting documents, if any, from the District of Columbia to this district. Therefore, this factor is only slightly favors transfer.

Turning to the third factor, the convenience of parties, defendants argue that they are located in the District of Columbia and thus would incur significant costs to travel to San Francisco (Br. at 11–12). It seems clear that most of the parties on the plaintiffs' side would find Washington, D.C., more convenient than San Francisco and certainly all of the defendant parties would as well. The convenience of counsel is entitled to little weight. *Ctr. for Biological Diversity v. Rural Utils. Serv.*, No. 8-1240, 2008 U.S. Dist. LEXIS 51835 at *5 (N.D. Cal. June 27, 2008) (Judge Maxine Chesney). This factor favors transfer.

### 2. THE INTERESTS OF JUSTICE.

A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and other interests of justice. *Decker Coal*, 805 F.2d at 843. Both parties concede that courts in this district are as equally familiar with the environmental laws at issue as courts in the District of Columbia.

With regard to local interest, the District of Columbia has a stronger local interest in this action than this district because the administrative process occurred in the District of Columbia and the federal defendants reside there. *Ctr. for Food Safety v. Vilsack*, No. 11-831, 2011 U.S. Dist. LEXIS 31688, at *20 (N.D. Cal. March 17, 2011) (Judge Jeffery White). Moreover, the Northern District does not have a particular interest in the subject matter of this action as none of the environmental impacts alleged in the complaint occurred in this district (Compl. ¶ 2). *See Alec L. v. Jackson*, No. 11-2203, 2011 U.S. Dist. LEXIS 140102, at *9–10 (N.D. Cal. Dec. 6, 2011) (Judge Edward Chen). By contrast, Appalachia is at the doorstep of our nation's capital. Thus, this factor favors transfer.

As to court congestion, courts in this district consider the "median time from filing to disposition or trial." *Ctr. for Food Safety*, 2011 WL 996343, at *8 (citations omitted). Here, both parties agree that the median time for a civil case to be resolved in this district is shorter than in the District of Columbia by 2.5 months (Br. at 17, Opp. at 14–15). Each judge in this district, however, has more than twice as many pending cases as a judge in the District of Columbia. *See* United States Courts, *Federal Court Management Statistics* (June 2013),

http://www.uscourts.gov/statistics/federalcourtmanagementstatistics.aspx. It is hard to account for this anomaly. Thus, this factor will not be given weight.

## CONCLUSION

The factors, on balance, strongly favor transfer, and the Clerk shall transfer this action to the United States District Court for the District of Columbia**.**

**IT IS SO ORDERED.**

Dated: November 15, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE